IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STATE OF FLORIDA, ex. rel., the
DEPARTMENT OF FINANCIAL SERVICES
OF THE STATE OF FLORIDA,

        Petitioner,

vs.                                     CASE NO.: 4:07cv176-SPM/WCS

UNIVERSAL HEALTH CARE INSURANCE
COMPANY, a Florida corporation,

        Respondent.
_____/

**ORDER REMANDING CASE
FOR LACK OF SUBJECT MATTER JURISDICTION**

This case involves the proposed liquidation of Universal Health Care Insurance Company by the State of Florida for failure to meet the surplus requirements of sections 624.4095[1] and 624.408[2], Florida Statutes. The State of Florida, Department of Financial Services, brought the case in state court under

---

[1] Under § 624.4095, Fla. Stat., an insurer must maintain a ratio of premiums to surplus of no more than "10 to 1 for gross written premiums" or "4 to 1 for net written premiums."

[2] Under § 624.408(1)(a), Fla. Stat., life and health insurers must "maintain surplus as to policyholders not less than the greater of . . . 1.5 million [or] . . . 4 percent of the insurer's total liabilities plus 6 percent of the insurer's liabilities relative to health insurance." "No insurer is required [however] to have surplus as to policyholders greater than $100 million." § 624.408(3).

the provisions of section 631.031[3], Florida Statutes, and pursuant to a "Consent Order For Public Administrative Supervision and Contingent Order of Liquidation" whereby Universal agreed to raise its surplus by a certain deadline, failing which, it agreed to liquidation.  Universal did not meet the deadline.  The State of Florida Department of Financial Services filed a petition with Circuit Court in and for Leon County, Florida, to take immediate possession of Universal and liquidate its business.  § 631.111, Fla. Stat.

Universal removed the case to federal court on grounds that the Florida surplus requirements are completely preempted by the Medicare Modernization Act, 42 U.S.C. § 1395, et seq.  Universal argues that federal jurisdiction exists because this case involves a substantial issue of federal law.  The State of Florida, Department of Financial Services, has moved to remand the case to state court.  Doc. 5.  Universal has filed a response in opposition.  Doc. 9.

**I.      BACKGROUND**

Regulating the business of insurance has long been the domain of state government.  As codified in the McCarran-Feguson Act, "[n]o Act of Congress shall be construed to invalidate, impair or supersede any law enacted by any

---

[3] Under § 631.031, the State of Florida Department of Financial Services is authorized to commence proceedings to liquidate an insurer upon a determination by the Office of Insurance Regulation that one or more grounds exist.  Insolvency or impending insolvency is a ground for liquidation. § 631.061(1), Fla. Stat.

CASE NO.: 4:07cv176-SPM/WCS

State for the purpose of regulating the business of insurance, . . . unless such Act specifically relates to the business of insurance . . . ." 15 U.S.C. § 1012(b). The intent is to leave to the states the "relationship between insurer and insured, the type of policy which could be issued, its reliability, interpretation, and enforcement." SEC v. Nat'l Sec., Inc., 393 U.S. 453, 460 (1969).

The Medicare Modernization Act of 2003, 42 U.S.C. § 1395, et seq., alters the usual state-federal relationship through the creation of a federal insurance program whereby private insurance companies contract with the federal government to provide coverage for inpatient and outpatient services, and for prescription drugs, covered by Medicare and Medicaid. The resulting plans, known as Medicare Advantage plans, are administered by the federal government through the Centers for Medicare and Medicaid Services.

Medicare Advantage plans are financed primarily through federal funds.[4] The Centers for Medicare and Medicaid Services pay private insurance companies a fixed monthly payment that is relative to a cost benchmark for operating Medicare Advantage plans. 42 C.F.R. §§ 422.304 and 423.315.

Medicare Advantage plans are regulated in almost all aspects under

---

[4] These funds include the Hospital Insurance Trust, which comes from payroll taxes; the Supplementary Medicare Insurance Trust Fund, which comes from beneficiary premiums and federal general revenue; and the Medicare Prescription Drug Account, which comes from beneficiary premiums and federal general revenue. 42 C.F.R. §§ 422.322; 423.315.

federal law.  By the express terms of the Medicare Modernization Act, "[t]he standards established under this part shall supersede any state law or regulation (other than State licensing law or State laws relating to plan solvency) with respect to the [Medicare Advantage] plans which are offered by [Medicare Advantage] organizations under this part. "  42 U.S.C. § 1395w-26(b)(3).  The aim of the provision is to avoid inconsistent state regulations "specifically, relating to benefit requirements, the inclusion or treatment of providers, and coverage determinations (including related appeals and grievance processes)."  5 H. Rep. 108-391 at 556 (Nov. 21, 2003).

This case presents two related issued.[5]  The first is whether the State of

---

[5] The State of Florida, Department of Financial Services, makes an additional argument that its agreement with Universal, as memorialized in the Consent Order For Public Administrative Supervision and Contingent Order of Liquidation," waives any rights Universal has under state or federal laws to contest the liquidation.  Doc. 5 at 2, 5, 9-10.  Even under Florida law, it is uncertain whether the effect of the waiver is as broad as the State of Florida, Department of Financial Services, contends that it is.  See In re Southland Ins. Co. 535 So.2d 648 (Fla. 1st DCA 1988) (when an insurer stipulates to insolvency for purposes of rehabilitation, upon objection by the insurer the Department must present some evidence of compliance with the statutory rehabilitation process before liquidation can proceed).  In any event, the waiver is not determinative of the jurisdictional issue, which hinges on whether state or federal law governs the liquidation petition.  If the liquidation petition is governed by state law, then state law would also apply to the waiver issue and there is no federal question jurisdiction.  If the liquidation petition is governed by federal law, then federal common law would apply to the waiver issue.  See Nachwalter v. Christie, 805 F.2d 956, 959-60) (11th Cir. 1986) (when a federal statute preempts a matter but the statute does not expressly address an issue, the federal court should apply federal common law).

CASE NO.: 4:07cv176-SPM/WCS

Florida's surplus requirement is a state law related to licencing and solvency, and therefore not preempted by the Medicare Modernization Act. The second is whether this case presents a substantial federal issue that warrants the exercise of federal jurisdiction.

## II. ANALYSIS

### A. Surplus Requirement Is Not Preempted

The Medicare Modernization Act preempts state laws and regulations on Medicare Advantage plans "other than State licensing laws or State laws relating to plan solvency." 42 U.S.C. § 1395w-26(b)(3). Florida's surplus requirement is a law relating to licencing and solvency. It is not preempted.

Generally speaking, an insurer is insolvent when "its assets are exceeded by its claims or other liabilities." Lee R. Russ and Thomas F. Segella, Couch on Insurance, § 5:6, (3d ed. 2007 update). Impairment of surplus is a related concept that indicates a likelihood that an insurer will become insolvent. Id. at § 5:5. Florida law imposes both solvency and surplus requirements upon insurers.

Under Florida law, "'[i]mpairment of surplus' means that the surplus stock of the insurer, the additional surplus of a mutual or reciprocal insurer, or the additional net trust fund of a business trust insurer does not comply with the requirements of § 624.08."[6] An insurer is insolvent under Florida law if "all the

---

[6] Under § 624.408(1)(a), Fla. Stat., life and health insurers must "maintain surplus as to policyholders not less than the greater of . . . 1.5 million [or] . . . 4 percent of the insurer's total liabilities plus 6 percent of the insurer's liabilities

assets of the insurer, if made immediately available, would not be sufficient to pay its debts as they become due in the usual course of business." § 631.011(14), Fla. Stat.  In some contexts, such as rehabilitation or liquidation, insolvency and impairment of surplus are equivalent terms.  §§ 631.11(14); 631.061(1); 631.051(1) and (3).  "When the context of any provision of [the Florida Insurance Code] so indicates, insolvency also includes and is defined as 'impairment of surplus' . . . and 'impairment of capital' . . . ." § 631.011(14).

Equating insolvency with impairment of surplus in the context of rehabilitation and liquidation reflects the fact that "[i]mpairment of an insurer's finances is a great concern to both the public and the remainder of the insurance industry . . . ."  Lee R. Russ and Thomas F. Segella, Couch on Insurance, § 5:5, (3d ed. 2007 update).  Statutes can allow for government intervention when an insurer is insolvent (i.e. bankrupt) and also when there is a undue risk of insolvency.  Id.  Accordingly, Florida law allows for a rehabilitation proceeding to be instituted if an insurer "[i]s impaired or insolvent" or "[i]s found by the [Office of Insurance Regulation] to be in such condition or is using or has been subject to such methods or practices in the conduct of its business, as to render its further transaction of insurance presently or prospectively hazardous to its policyholders, creditors, stockholders, or the public . . . ." § 631.051(1) and (3), Fla. Stat.

---

relative to health insurance."  "No insurer is required [however] to have surplus as to policyholders greater than $100 million." § 624.408(3).
CASE NO.: 4:07cv176-SPM/WCS

Liquidation proceedings can be instituted when an insurer "[i]s or *is about to become insolvent* . . . ." § 631.061(1), Fla. Stat. (emphasis supplied).

In Florida's regulatory scheme, the requirement that an insurer maintain a level of surplus is a regulation relating to plan solvency. Allowing Florida to enforce this regulation does not hinder the operation of the Medicare Modernization Act. The regulation does not relate to benefit requirements, treatment providers, coverage determinations, or similar matters that Congress preempted states from regulating. Florida surplus requirement is a law related to plan solvency within the meaning of the Medicare Modernization Act and it is not preempted by the Act.

### B. No Substantial Federal Issue

With rare exception, a case is removable on the basis of federal question jurisdiction only if a federal cause of action is stated on the plaintiff's well-pleaded complaint. Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987). The State of Florida, Department of Financial Services' petition to liquidate Universal does not state a federal cause of action. Universal does not contend that it does. Instead, Universal relies upon the exception that allows a federal court to exercise jurisdiction when a case presents a substantial federal issue "that justif[ies] resort to the experience, solicitude and hope of uniformity that a federal forum offers on federal issues." Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).

CASE NO.: 4:07cv176-SPM/WCS

This type of federal question jurisdiction is a "special and small category." Empire Healthchoice Assur. Inc. v. McVeigh, ___ U.S. ___, 126 S.Ct. 2121, 2136 (2006). It applies when the plaintiff's claim depends upon the construction of federal law for the right to relief and when the federal court's exercise of jurisdiction will not "disturb[] any congressionally approved balance of federal and state judicial responsibilities." Grable 545 U.S. at 314. Such jurisdiction has been found appropriate when the federal issue is the only contested issue and the federal issue presents a pure question of federal law that would be controlling in numerous other cases. Empire, 126 S.Ct. at 2137.

Universal does not make a convincing argument for the exercise of federal jurisdiction under the standard. First, the liquidation petition does not depend on the construction of federal law. In fact, there are no federal regulations setting surplus standards for Medicare Advantage insurers or provisions governing liquidation. Second, Congress has yielded to the states' authority to regulate insurers and, in particular, Medicare Advantage insurers with respect to licencing and solvency issues. Florida law is controlling on these issues and is not preempted, as the Court has found above.

The liquidation petition presents no contested issues of federal law. The only issues presented concern Florida law on matters of licensing and solvency, which Congress has expressly allowed the states to regulate. Accordingly, no federal question jurisdiction exists and this case must be remanded for lack of

subject matter jurisdiction.

Based on the foregoing, it is

ORDERED AND ADJUDGED:

1. The motion to remand (doc. 5) is granted.

2. All other motions filed with this Court are denied as moot.

3. This case is remanded to the Circuit Court, Second Judicial Circuit, in and for Leon County, Florida.

DONE AND ORDERED this 5th day of December, 2007.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge