IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STATE OF FLORIDA, ex. rel., the
DEPARTMENT OF FINANCIAL SERVICES
OF THE STATE OF FLORIDA,

      Petitioner,

vs.                               CASE NO.: 4:07cv176-SPM/WCS

UNIVERSAL HEALTH CARE INSURANCE
COMPANY, a Florida corporation,

      Respondent.
_____/

**ORDER DENYING MOTION FOR REHEARING
OR RECONSIDERATION OR CLARIFICATION**

Pending before the Court is Universal Health Care Insurance Company's motion for rehearing (doc. 23). For the following reasons, the motion will be denied.

1.    Reconsideration of the remand order is precluded by 28 U.S.C. § 1447(d).

2.    A motion for rehearing or reconsideration should not be used to present new arguments unless it is shown that the new arguments were previously unavailable. Z.K. Marine, Inc. v. M/V Archigetis, 808 F.Supp. 1561, 1563 (S.D. Fla. 1992); Mays v. U.S. Postal Service, 122 F.3d 43, 46 (11th Cir.

1997).  Universal has not made any such showing.

3.	In the notice of removal (doc. 1) Universal did not allege as a ground for removal its status as a federal officer under 28 U.S.C. § 1442(a)(1).  It is too late for Universal to raise this ground for removal now.  See <u>Fuller v. Exxon Corp.</u>, 131 F.Supp.2d 1323, 1328 (S.D. Ala. 2001) (after the thirty-day time limit for removal, a notice of removal can only be amended to correct technical defects and it cannot be amended to allege new grounds).

4.	Even if Universal's federal officer ground could be considered, it would fail.  There is no federal law or duty that impedes Universal from meeting Florida's surplus requirement.  Universal has not alleged a "colorable defense arising out of [its] duty to enforce federal law." <u>Magnin v. Teledyne Cont'l Motors</u>, 91 F.3d 1424, 1427 (11th Cir. 1996).  Nor has Universal alleged a "'causal connection between what [it] has done under asserted official authority' and the action against [it.]" <u>Id.</u>

5.	The Court's finding that the surplus requirements are not preempted in a way that would establish federal question jurisdiction does not preclude Universal from making a substantive argument of defensive preemption (also known as conflict, ordinary, and substantive preemption).  <u>Ervast v. Flexible Prodcuts Co.</u>, 346 F.3d 1007, 1014 n.7 (11th Cir. 2003).

Based on the foregoing, it is

ORDERED AND ADJUDGED that Universal's motion for rehearing,

reconsideration, or clarification (doc. 23) is denied.

    DONE AND ORDERED this 10th day of December, 2007.

    *s/ Stephan P. Mickle*
    Stephan P. Mickle
    United States District Judge

CASE NO.: 4:07cv176-SPM/WCS