IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STATE OF FLORIDA, ex. rel., the
DEPARTMENT OF FINANCIAL SERVICES
OF THE STATE OF FLORIDA,

      Petitioner,

vs.                                        CASE NO.: 4:07cv176-SPM/WCS

UNIVERSAL HEALTH CARE INSURANCE
COMPANY, a Florida corporation,

      Respondent.
_____/

## ORDER DENYING MOTION FOR ATTORNEY FEES

Pending before the Court is the State of Florida, Department of Financial Services' Motion for Attorney's Fees and Costs (doc. 28). As a sanction for improper removal, the State seeks an award of costs and attorney fees under 28 U.S.C. § 1447(c). This section provides, in pertinent part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Under this section, an award of fees is proper if "the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Universal had an objectively reasonable, albeit unsuccessful, basis for seeking removal under Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005), which allows a federal court to exercise jurisdiction when a case presents a substantial federal issue "that justif[ies] resort to the experience, solicitude and hope of uniformity that a federal forum offers on federal issues." Although the Court ultimately found that circumstances did not warrant jurisdiction under Grable, the broad scope of preemption under the Medicare Modernization Act provided a reasonable basis for Universal's removal. Under the terms of the Medicare Modernization Act, states have the power to regulate deficiencies in surplus, only to the extent the deficiencies "relat[e] to plan solvency."  42 U.S.C. § 1395w-26(b)(3).  The relationship between surplus and solvency was not clear in this case given the absence of legal precedents, and the State's reliance on Universal's breach of a consent order as a basis for its actions.  Accordingly, it is

ORDERED AND ADJUDGED that the State of Florida, Department of Financial Services' Motion for Attorney's Fees and Costs (doc. 28) is denied.

DONE AND ORDERED this 30th day of January, 2008.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

CASE NO.: 4:07cv176-SPM/WCS